```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL NO. 2:21-cr-00152

**CHRISTOPHER OSBORNE**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Kathryn E. Gilbert, Trial Attorney for the Civil Rights Division of the United States Department of Justice, and Jennifer Rada Herrald and Julie M. White, Assistant United States Attorneys for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence pursuant to an agreement under Federal Rule of Criminal Procedure 11(C)(1)(c) in the above-captioned matter.

For the reasons set forth herein, the United States respectfully requests that the Court accept the parties' agreement of a sentence of imprisonment of 14 years (168 months). Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it reflects the seriousness of the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant.

I.   **BACKGROUND**

At the time of the offenses described in the Indictment, the defendant, Christopher Osborne, was an officer with the Marmet

Police Department in Marmet, West Virginia, and a firefighter with the Charleston Fire Department, in Charleston, West Virginia, and the Danville Volunteer Fire Department, in Danville, West Virginia. ECF No. 1.

On August 31, 2021, the grand jury returned a four-count Indictment charging the defendant with two counts of willfully depriving an individual of her constitutional rights while acting under color of law, in violation of 18 U.S.C. § 242. Specifically, Count One charges the defendant with sexually assaulting Victim 1, a 16-year-old minor female, on or about January 19, 2021. The Indictment further alleges that the offense included aggravated sexual abuse, kidnapping, and attempted aggravated sexual abuse and kidnapping, and that the offense resulted in bodily injury to Victim 1.

Count Two charges the defendant with violating 18 U.S.C. § 242 by destroying the property of Victim 2, a 49-year-old woman, on or about November 6, 2019. Count Two further alleges that the offense included the use and attempted use of fire. Count Three charges the defendant with using fire to commit the felony offense described in Count Two, in violation of 18 U.S.C. § 844(h)(1). Count Four charges the defendant with knowingly engaging in misleading conduct towards investigators to hinder a federal investigation by falsely denying sexual contact with Victim 1, in violation of 18 U.S.C. § 1512(b)(3).

On March 19, 2022, the defendant entered into a written plea agreement with the United States. ECF No. 47. On April 4, 2022, the defendant appeared in Court for a plea hearing and admitted that, during the incident described in Count One, he used his position, authority, and status as a firefighter to forcibly sexually assault Victim 1, a 16-year-old girl. The defendant admitted that he arranged for a 17-year-old junior firefighter to bring Victim 1 to the Danville Volunteer Fire Department stationhouse so that the defendant could have sex with her. The defendant admitted that he took Victim 1 by the arm and led her into a bunk room, where he forced her to engage in vaginal sexual intercourse against her will and performed oral sex on her against her will. The defendant admitted that he used force to perpetrate the offense, and that the offense caused the victim pain and other bodily injury.

## II. **SENTENCING FACTORS**

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

### A. **Nature and Circumstances of the Offense and Defendant's History and Characteristics. 18 U.S.C. § 3553(a)(1).**

The serious nature and circumstances of the defendant's offense conduct for the count of conviction is plain: the defendant abused his authority as a firefighter to forcibly and violently

sexually assault a vulnerable minor victim. The Pre-Sentence Report (PSR) prepared in this case accurately reflects the premeditated nature of the offense, in that it details the defendant's use of social media and his influence over the 17-year-old junior firefighter to target and lure Victim 1 for sex. The violent nature of the assault is uncontroverted, and includes the defendant choking the victim and ignoring her repeated attempts to tell him that she did not want to have sex with him. When the defendant saw Victim 1 reaching for her cellular telephone and a pepper spray cannister she carried on a lanyard, he threw those items across the room. PSR ¶¶ 12-16.

The PSR also details the serious nature and circumstances of the defendant's other charged conduct, including his arson of a homeless woman's encampment, an act the defendant committed while he was acting as a police officer, and his lies to law enforcement officers who were attempting to investigate the sexual assault allegations. PSR ¶¶ 6-11, 14. The PSR also describes related and similar conduct, including the defendant's rape of another teenage victim and his pattern of coercing and pressuring other teenage girls into sex. PSR ¶¶ 17-19, 21, 24-25, 27-29.

While the defendant has no history of criminal convictions, his egregious abuses of his authority as a law enforcement officer and firefighter — particularly his violent sexual assault of a

4

minor victim — militate in favor of a significant term of imprisonment.

B. **Need for the Sentence Imposed and Statutory Objectives. 18 U.S.C. § 3553(a)(2).**

A 14-year term of imprisonment and the other agreed-upon terms of the plea agreement reflect the seriousness of the defendant's conduct, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. The defendant's abuse of his positions of power and public trust to target a minor victim constitutes a serious offense. The proposed agreement will signal to individuals in positions of authority that such abuses will not be tolerated and may result in significant prison sentences. The sentence will also protect the public from the defendant by incapacitating him from continuing to abuse vulnerable victims.

C. **Available Sentences, Sentencing Range, and Need to Avoid Unwarranted Sentence Disparities. 18 U.S.C. § 3553(a)(3)-(4).**

The plea agreement accomplishes the above-described statutory purposes while sparing the victim and other vulnerable victims and witnesses from having to testify at a public trial. The sentence is also comparable to those imposed pursuant to plea agreements with other law enforcement officers who abuse their authority to perpetrate sexual assaults. See United States v. Logan, No. 1:19-cr-00125 (E.D. Tenn. 2020) (officer sentenced to a 20-year term of

5

imprisonment for two counts of violating 18 U.S.C. § 242 by sexually assaulting two victims pursuant to Rule 11(C)(1)(c) agreement).

The victim has already provided multiple statements to law enforcement officers and was forced to testify at a public hearing in a state criminal case arising out of the same incident. Here, the defendant's guilty plea spares the victim from having to, once again, publicly remember and relive this sexual assault that was inflicted while she was a minor. While the Sentencing Guidelines recommend a period of imprisonment that ranges from 210 to 262 months, the plea resolution presented here not only guarantees a conviction, but also conserves limited prosecutorial and judicial resources, achieves a result that avoids unwarranted sentencing disparities, and ensures that a significant prison sentence is imposed for the defendant's heinous acts.

## III. VICTIM IMPACT STATEMENTS AND RESTITUTION

Victim 1 and her parents have submitted written victim impact statements for the Court's consideration. In addition, the United States anticipates that Victim 1's father will address the Court at the sentencing hearing.

Restitution is mandatory in this case and is to be ordered regardless of defendant's ability to pay or the victim's receipt of compensation from some other source. See 18 U.S.C. § 3663A.

While a restitution request has not been submitted to date, the victim and her family may yet do so.

### IV. CONCLUSION

The defendant's conduct reflects a willingness to use his authority and his position of trust to abuse vulnerable individuals within the Southern District of West Virginia. The agreed-upon sentence properly reflects the seriousness of the offense and the other factors referenced in 18 U.S.C. § 3553(a). For these reasons, the United States respectfully requests that the Court accept the recommendation in the written plea agreement and sentence the defendant to 14 years' incarceration.

    Respectfully submitted,

    LISA G. JOHNSTON
    First Assistant United States Attorney

By: s/Jennifer Rada Herrald
    Jennifer Rada Herrald
    Assistant United States Attorney
    WV Bar No. 12181
    300 Virginia Street East Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: Jennifer.herrald@usdoj.gov

    s/Julie M. White
    JULIE M. WHITE
    Assistant United States Attorney
    WV State Bar No. 13971
    300 Virginia Street East Room 4000
    Charleston, WV  25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    E-mail: Julie.white@usdoj.gov

```
                    KRISTEN CLARKE
                    ASSISTANT ATTORNEY GENERAL


               By:  s/ Kathryn E. Gilbert
                    Kathryn E. Gilbert
                    Trial Attorney
                    Civil Rights Division
                    Criminal Section
                    U.S. Department of Justice
                    950 Pennsylvania Ave. NW
                    Washington, DC 20530
                    Telephone: 202-616-2430
                    Fax: 202-514-6588
                    Email: Kathryn.gilbert@usdoj.gov
```

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 6th day of July, 2022, to:

>Tim C. Carrico, Esq.
>CARRICO LAW OFFICES, LC
>105 Capitol Street, Ste 300
>Charleston, West Virginia 25301

>By: s/Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV State Bar No. 13971
>300 Virginia Street East Room 4000
>Charleston, WV  25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail: Julie.white@usdoj.gov